### FOR THE

## COUNTY OF ORANGE.

### MARCH TERM, 1846.

PRESENT,

Hon. STEPHEN ROYCE,
Hon. MILO L. BENNETT, } ASSISTANT JUDGES.
Hon. DANIEL KELLOGG.

---

### ROYAL KEYES v. LUCIUS HOWE, JR.

The plaintiff leased to a third person his only cow for the term of one year, and, before the expiration of the year, the defendant, a deputy sheriff, levied upon the cow by virtue of an execution in his hands against the plaintiff, but left her in the possession of the bailee until the expiration of the year, and then drove her away and sold her. And it was held, that, although the plaintiff might not have been able to sustain trespass for the levy within the year, yet the cow, after the determination of the bailment, was *constructively* in the possession of the plaintiff, and the driving away the cow was a fresh trespass, for which the plaintiff might sustain the action of trespass.

If the defendant give a special notice of his matter of justification under the general issue, in an action of trespass, in pursuance of the statute, the plaintiff, on trial, may avail himself of every matter, which he might have successfully new assigned, if the defendant had pleaded his defence specially.

TRESPASS for taking a cow. Plea, the general issue, with notice of special matter of justification, and trial by jury,—BENNETT, J., presiding.

On trial it appeared, that the cow in question was leased by the plaintiff in July, 1842, to one Whitney, to be kept by him until the first of June, 1843; that on the twenty fifth day of May, 1843, the defendant, who was a deputy sheriff, having in his hands an execution against the plaintiff, levied it upon the cow, and advertised that she would be sold on the eighth day of June, 1843; that Whitney insisted upon his right to keep the cow until the first of June, and the defendant left the cow in his possession, requesting him to keep the cow for him until he called for her,—to which Whitney assented; and that the cow remained in Whitney's possession until the eighth day of June, 1843, when she was driven away by the defendant and sold by him upon the execution. The plaintiff also gave evidence, tending to prove that this was his only cow; and the defendant introduced testimony tending to contradict this.

Upon these facts the county court held, that the action of trespass could not be sustained by the plaintiff, and rendered judgment for the defendant. Exceptions by plaintiff.

————for plaintiff.

*L. B. Vilas* for defendant.

The opinion of the court was delivered by

KELLOGG, J. That the plaintiff, on the twenty fifth day of May, (when the defendant levied the execution upon the cow and posted her for sale,) had neither the actual nor constructive possession of her, is very apparent from the facts detailed in the bill of exceptions; and consequently he could not maintain this action for the acts of the defendant upon that occasion. The cow at that time was in the *actual possession* of Whitney, under a contract of bailment made with the plaintiff, and for a period of time which had not then expired.

Whether Whitney, the bailee, could maintain trespass for the act of the defendant in levying the execution is not now necessary to be determined;—though we do not perceive upon what ground he could

complain of an act of the defendant, which in no manner affected his interest in the cow. He was not, by the act of the defendant, dispossessed of her, or deprived of her use, but was permitted to retain the undisturbed possession of her until the expiration of the time, for which she was bailed to him. He was not damnified by the act of the defendant.

At the expiration of the bailment, which was on the first of June, the plaintiff's right of possession reverted to him, and he then had the *constructive possession* of the cow, unless some act had intervened, which, in law, would defeat it. The levy of the execution on the twenty fifth day of May created no lien upon the property, provided it was the plaintiff's only cow; and we are to assume that it was; for the case finds, that evidence was given tending to prove that fact. And even if a trespass were committed by the levy of the execution, we are of opinion that the subsequent asportation of the property, on the eighth day of June, was a fresh trespass, for which this suit may well be maintained by the plaintiff, he being then in the *constructive* possession of the cow. Suppose the defendant had pleaded specially a justification of the trespass of the twenty fifth of May, by the levy of the execution, could not the plaintiff have new assigned the trespass of the eighth of June in the removal and sale of the cow? We think, without doubt, he could; and, inasmuch as the defendant, instead of pleading his defence specially, has sought to avail himself of it under a special notice, which is not issuable, the plaintiff is entitled to avail himself of every matter, which he could successfully new assign.

The judgment of the county court is erroneous and is reversed.