JAMES GILMORE, Jr., impleaded with William McCullough, Cyrus Jones and Nelson Jones, Appellants, *v.* EDWARD F. NOWLAND, Appellee.

APPEAL FROM PEORIA.

Pleas in abatement, motions to quash the summons, and other motions in the nature of pleas in abatement, must be interposed prior to matters in bar; and if not disposed of before matters in bar are interposed, they will be considered as waived.

The general issue, with notice of special matter and special pleas, cannot be pleaded at the same time; and if both are filed, the pleas may be stricken out.

Where a rule of the Circuit Court requires amendments to pleadings to be on a separate piece of paper, it is no objection to such an amendment that another has been made and noted on the margin of the declaration. And should such an amendment be filed without leave, it would not furnish a reason for striking the entire declaration from the files.

Even if there should be a variance between the note described in the declaration and that offered in evidence, it still might be offered in support of the common counts.

NOWLAND sued Gilmore and others on a note, which is as follows:

$5,000.          *Peoria, January 12th,* 1860.

Ninety days after date, we, or either of us, promise to pay to the order of W. L. Ewing, five thousand dollars, for value received, payable at the banking house of L. Howell & Co., Peoria, with interest from date, at the rate of ten per centum per annum, until paid.

JAMES GILMORE, JR.

WM. McCULLOUGH.

CYRUS JONES.

NELSON JONES.

Indorsed:

"Pay to L. Howell & Co., or order.

WM. L. EWING."

"Pay E. F. Nowland, without recourse on us.

L. HOWELL & Co."

Suit was commenced July 30th, 1861, in assumpsit, returnable to August special term, 1860.

Declaration contains one count on the note, and common counts.

In this special count there was a mistake made in the christian name of Gilmore. *Francis* was used instead of " *James.*"

On the 4th September, 1860, the case was tried by the court, and a judgment entered for plaintiff.

The mistake above mentioned in the name of Gilmore having been discovered, the plaintiff asked to have the finding and judgment set aside, which was done, and the cause continued, with leave to the plaintiff to amend his declaration generally. The plaintiff at the time, by special leave noted on the margin of the declaration, amended by striking out " Francis," and interlining " James ;" and under the same general leave, on the next day, September 5th, filed an amended count upon the note sued on.

The amended count is placed in the record between the original special count and the common counts filed therewith.

The summons first issued was returned served on McCullough, on 31st July, and on Gilmore and Nelson Jones, August 1, 1860, Cyrus Jones not being found.

On the 2nd August, 1860, another summons was issued to summon Cyrus Jones, which was served August 6th, 1860.

The defendant pleaded the general issue, and gave notice of special matter to be given in evidence under the same ; and also filed several special pleas.

On the same day, August 22, 1860, defendants' counsel moved to quash the summons and returns, for these reasons, as to sum-

Gilmore, impl., etc., *v.* Nowland.

mons issued July 30th: The time of service is not sufficiently shown, and there is no return as to Gilmore and Cyrus Jones; and as to summons issued 2nd August: That a prior summons had been issued, and was in force.

August 25th, 1860, plaintiff entered a motion to strike special pleas from the files, for the reason that defendant is not permitted to plead specially; and also to give notice under the general issue.

Court decided that defendant should elect to plead specially, or plead general issue, and give notice. Defendant refused to elect, and the court sustained the plaintiff's motion.

November 30, 1860, defendant moved to strike the plaintiff's amended declaration from the files, because it was not in compliance with rule 19 of the court. The court overruled the motion.

The cause was tried by the court. The plaintiff offered his note in evidence, which was objected to for a variance, and because it was inadmissible under the count. The court admitted the evidence, and gave judgment for the plaintiff for the amount of the note and interest.

The following errors were assigned:

1. The mutilation of the declaration by erasure and interlineation, and the insertion of an additional count therein after the filing thereof, were contrary to the rules of said Circuit Court. Yet the subsequent motion to strike said declaration from the files was overruled.

2. The summons issued on the 30th day of July, 1860, and the return made thereto, are manifestly uncertain, irregular and illegal. Yet the court below refused to quash the same.

3. The summons issued on the 2nd day of August, 1860, and the return thereto, are wholly insufficient. Yet the motion to quash the said summons was denied.

4. The notice of special matter of defense, contained matters altogether different from those set up in the special pleas filed. Yet the said Circuit Court required the defendant below to elect between his said notice and said pleas, and in default thereof struck said pleas from the files.

5. The court below had no authority of law to set aside the first judgment taken in said cause by the plaintiff in that court, and give him leave to amend, without giving the defendant there judgment and execution for his costs. Yet such leave was given without such judgment for costs.

6. There was a fatal variance between the instrument given in evidence and that described in the declaration. Yet said Circuit Court received said instrument in evidence.

Gilmore, impl., etc., *v.* Nowland.

7. The court found the issue joined for the plaintiff below, whereas by the evidence that finding should have been for the defendant there.

8. Said Circuit Court overruled the motion for a new trial, and gave judgment for the plaintiff below, whereas, by the law of the land, that motion ought to have been sustained.

9. Said record and proceedings are otherwise manifestly uncertain, informal, insufficient, contradictory, absurd, illegal and void.

BONNEY & ROUSE, for Appellant.

N. H. PURPLE, for Appellee.

WALKER, J. This was an action of assumpsit, instituted by appellee, against appellant and other defendants, in the Peoria Circuit Court. The defendants afterwards filed the general issue, a notice of set-off, and two special pleas, also a motion to quash the summons, and return. The general issue and notice appear first in the record, and next in order are the special pleas, and lastly the motion to quash, and they were all filed and the motion entered on the same day. The court overruled the motion. The appellee then entered a motion to strike the special pleas from the files, which motion was sustained by the court, because the defendants failed to elect whether they would proceed to trial under the general issue and notice, or under the several pleas. Afterwards, at the September term, 1860, a trial was had, which resulted in a verdict in favor of the appellee, who then entered a motion to set aside his judgment and for leave to amend his declaration, which motion was granted, and the cause was continued. The amendment was made by striking out the name "Francis" before Gilmore, and inserting the name "James," and by filing an additional count against the proper parties. A motion was entered to strike the declaration from the files, and overruled. The cause was subsequently tried by consent, by the court, without the intervention of a jury, and a judgment was rendered in favor of appellee, from which this appeal is prosecuted.

We shall first consider whether the court erred in overruling the motion to quash the summons and return.

Pleas in abatement, motions to quash the summons, and other motions in the nature of pleas in abatement, must be interposed before matter in bar. And if, after they are interposed, and before they are disposed of, matter in bar is filed, the matter in abatement is thereby waived. In this case, after the motion was made, and whilst it was still pending, these pleas in bar were

filed. This, then, by the parties own act, disposed of the motion, precisely as if it had been withdrawn; and the decision of the court on the motion was unnecessary, and could in no way place it again in the record. There was no error in overruling the motion.

It is also urged, that the court erred in striking defendant's pleas from the files. Our practice act has given a defendant the right to plead as many special pleas as he may deem necessary for his defense, or to plead the general issue, and give notice in writing under the same, of special matter intended to be relied upon for a defense on the trial; under which notice, if deemed by the court sufficiently clear and explicit, the defendant shall be permitted to give evidence of the facts therein stated, as if specially pleaded and issue joined on the same. At the common law, the defendant could file but one plea, without first obtaining leave of the court; and it was to remedy what was supposed to be an inconvenience in the administration of justice that this enactment was adopted. And as the language of the statute obviously places the two modes of presenting the defense in the alternative, the party cannot be permitted to resort to both modes at the same time. He must either plead the general issue and give the notice, or he must present his defense alone by pleas. There was, therefore, no error in striking the special pleas from the files.

The next question is, whether the court erred in refusing to strike the amended declaration from the files, because, as it is alleged, the amendment was made in violation of the recorded rules of the court. They required that the amendment should be made on a separate piece of paper, whilst in this case the name "Francis" was erased from the original declaration, and the name "James" was inserted in its place, and the fact was noted in the margin of the declaration. If this was all, it might be that the rule was violated; but it appears that a new count was filed, which obviated the objection, but was in all other respects similar to the special count in which the mistake occurred. This additional count was on a separate piece of paper, and was evidently designed as an amendment, and was a literal compliance with the rule; and the fact that the original count was amended could in no manner affect this amendment.

It is likewise insisted and urged, as a reason for striking the declaration from the files, that appellee filed an additional count without leave of the court. If this had been an additional count, and not an amendment, as it was filed without leave, it could constitute no reason for striking the whole declaration from the files. It would have been a ground for striking that count from the files, on a motion entered for that purpose. But

in this case no such motion was made, and the court would not, probably, of its own mere motion, have stricken it from the files, even if it had been an additional count, and not an amendment. We perceive no error in refusing to allow this motion.

It is lastly urged as a ground of reversal, that there was a variance between the note described in the declaration and that produced and read in evidence. After having carefully inspected the original note, we are not prepared to hold that there was a variance. But even if this were so, it was clearly admissible under the common count, for money paid for the use of the appellants. When appellee purchased the note, and received it by indorsement, he paid money which the defendants owed, and the law implies a promise on their part to pay him for money thus paid for their use. This is the uniform and well established rule of law, and there was no error in admitting the note in evidence.

We perceive no error in this record, and the judgment is affirmed.

*Judgment affirmed.*