Hon. JOHN PIERPOINT,
Hon. LOYAL C. KELLOGG, } Assistant Judges.
Hon. ASAHEL PECK,

---

ASAHEL W. NOTT AND SARAH W. NOTT, HIS WIFE, *v.* ISAIAH STODDARD.

*Slander. Pleading. Evidence. Notice.*

The statute authorizing a notice as a substitute for a special plea, dispenses with the *form*, but not the *substance* of a special plea.

Where the words charged are divisible without materially changing the sense, or constitute two distinct slanders or charges against the plaintiff, the defendant may justify one and rely on the general issue in defence of the other.

In a declaration for slander the plaintiff may allege the meaning of the defendant in the language used, and if the defendant attempt to justify the language he must justify it in the sense alleged; it is not sufficient to justify the very words.

Testimony of witnesses that during a certain period they heard reports of the accusation by the defendant against the plaintiff, is admissible, if the accusation was made before the period referred to by the witnesses, as tending to show the

3

consequences of the defendant's wrongful act, it being understood that the reports were that the defendant made such accusation, not that certain persons repeated the accusation under such circumstances as to make themselves liable.

Evidence of the effect of the slander upon the plaintiff is admissible to the extent of the direct and natural consequences of the defamatory words spoken.

C., at the instance of the plaintiff, inquired of the defendant as to the report that he had charged the plaintiff with stealing wood, to which the defendant replied that it was so, he saw it himself, and went on to state the circumstances. *Held*, that if this inquiry was made as a trick to induce the defendant to utter a slander against the plaintiff, the words thus elicited were not a ground of action, but if made in good faith, merely to ascertain whether the defendant had made such a charge, they would be a ground of action, if spoken with malice, and the question of malice should be submitted as a fact to the jury, this being an instance where, on the one hand, the occasion does not necessarily justify the words, nor on the other hand, is malice to be inferred by law, but must be found by the jury.

ACTION ON THE CASE for slander, to recover damages for words spoken against Sarah W. Nott, wife of Asahel W. Nott, charging her with stealing wood. Plea, not guilty, with notice of justification. Trial by jury, September Term, 1863, BARRETT, J., presiding.

The defendant's notice was as follows: "And the defendant, pursuant to the statute in such case made and provided, hereby gives notice that he will prove upon the trial of said cause, in justification of so much of the charge declared against him in the first count in said declaration as is contained in the words *I* (*meaning himself, the defendant,*) *saw her* (*meaning the said Sarah W. Nott*) *out taking wood from Wheeler's wood-pile and carry it into her house*, that he, the said defendant, did, to wit, on the first day of July, 1862, see the said Sarah W. Nott take wood from said Wheeler's wood-pile, to wit, two or three sticks, and carry the same into her house, &c."

The declaration alleged that the defendant meant, by the words "taking wood from Wheeler's wood-pile," stealing it. The court ruled that the notice was insufficient as a justification, for that it did not justify the slander as charged, and that the trial would proceed upon the general issue,—to which the defendant excepted. The defendant also excepted to other rulings of the court, the facts in relation to which sufficiently appear in the opinion of the court.

*A. Stoddard*, for the defendant, maintained that the court below erred, 1st, in admitting evidence of the effect of the words spoken upon the plaintiff, Mrs. Nott. *Underhill* v. *Welton*, 32 Vt. 40.

2d, in admitting evidence of the repetition of the words charged against the defendant by third persons. They who repeat the scandal are responsible for the consequences of the repetition. *Stevens* v. *Hartwell*, 11 Met. 542 ; *Leonard* v. *Allen*, 11 Cush. 241 ; *Ward* v. *Weeks*, 7 Bing. 211, (20 E. C. L. 104) ; *McPherson* v. *Daniels*, 10 B. & C. 263, (21 E. C. L. 69) ; *Rutherford* v. *Evans*, 4 C. & P. 74, (19 E. C. L. 281). 3d, when inquired of by Chapin the defendant had a right to reply. Neither malice nor falsehood are presumed, but the contrary, and the burden is upon the plaintiff to show malice. *Weatherstone* v. *Hawkins*, 1 Term, 110 ; 6 C. & P. 497, (25 E. C. L. 508) ; 5 C. & P. 543, (19 E. C. L. 451) ; *Ken* .v. *Sheldon et al.*, 4 C. & P. 528, (19 E. C. L. 509) ; *Torrey* v. *Field*, 10 Vt. 353. 4th, as to the sufficiency of the notice of proof in justification, see *Clarkson* v. *Lawson*, 6 Bing. 587, (19 E. C. L. 169) ; *Mountany* v. *Walton*, 2 B. & Ad., (22 E. C. L. 164) ; 1 Chitty Pl. 496 ; *Morrison* v. *Harmon*, 3 Bing. (N. C.) 759, (32 E. C. L. 320) ; *Daniell* v. *Fisk*, 11 Met. 551.

*C. B. Eddy* and *H. E. Stoughton*, for the plaintiffs, cited to the point that the ruling of the court below, as to the insufficiency of the notice of justification, was correct. Sedgwick on Damages, p. 540 ; Starkie on Slander, Star, p. 338 ; 1 Chitty Pl. 494 ; *Torrey* v. *Field*, 10 Vt. 353 ; *Skinner* v. *Grant*, 12 Vt. 456 ; *Holton* v. *Muzzy*, 30 Vt. 365 ; 1 Saund. 244, C. ; *Wild* v. *Coopman*, 1 Mo. 537 ; *Bowdish* v. *Peckham*, 1 D. Chip. 144 ; *Fullerton* v. *Mack*, 2 Aik. 415.

The opinion of the court was delivered by

PECK, J. 1. It is insisted by the counsel for the defence that the county court erred in deciding that the notice of justification to the first count was insufficient, and holding the defendant to trial upon the plea of not guilty. It has long been settled by decisions in this state that a notice, in order to let in evidence as a defence not admissible under the general issue, must contain all the facts necessary to constitute a good special plea. The statute authorizing a notice as a substitute for a special plea, dispenses with the *form* but not with the *substance* of a plea. If the facts alleged in the notice would be defective if set forth in the form of a plea, the evidence under the notice may be objected to at the trial, and if objected to, should be excluded. This must necessarily be so, as a notice under

Nott and Wife *v.* Stoddard.

the statute neither requires nor admits of any answer in pleading by way of demurrer or replication. It is only open to answer by proof and to objection to the evidence offered under it. The question therefore is, whether the facts set forth in the motion would constitute a good plea in bar to the count to which it refers.

It is true as claimed by the defendant's counsel, that it is not necessary in a plea of justification to justify the *colloquium*. It is sufficient to justify the words which constitute the slander, as charged in the declaration. Nor is the justification in this case bad because it does not profess to justify all the words charged. Where the words charged are divisible without materially changing the sense, or constitute two distinct slanders or charges against the plaintiff, the defendant may justify one and rely on the general issue in defence of the other. The justification in this case therefore is not bad merely because it does not profess to justify the words, "she is the greatest thief that ever lived in Cambridgeport;" because the charge of stealing Wheeler's wood is sufficiently distinct to warrant a separate justification.

But the fatal defect in the defendant's notice is, that it does not justify the charge contained in the words that it professes to justify. All that is alleged in the notice may be true, and yet the defendant be liable for speaking the words he attempts to justify. The words, " I saw her out taking wood from Wheeler's wood-pile and carry it into her house," do not necessarily import a crime so as to be actionable. They are made actionable by the *inuendo* that the defendant intended thereby, *stealing*. Where the words are ambiguous it is competent for the plaintiff thus to allege the meaning of the defendant in the language which he used, and it is for the jury to find the sense in which the words were spoken. In such case it is not sufficient for the defendant to justify the very words, he must justify them in the sense alleged in the declaration. By relying in his plea on the truth of the words spoken, he, by implication at least, must admit the speaking of the words in the sense alleged in the declaration, and in that sense must justify them. The defendant's notice is defective, as the declaration alleges in substance, that the defendant charged her with stealing Wheeler's wood, and the notice does not show or propose to show that she was guilty of any such offence.

The notice only alleges that she took the wood. What is alleged in the notice may be true and.the plaintiff may have been guilty only . of a trespass, or not even that ; she may have taken it by license of the owner. This does not justify the defendant in accusing her of stealing it. Had the facts alleged in the notice been in the form of a plea of justification, it would have been bad on demurrer, for if the plaintiff should traverse such a plea, and the jury should find that the plaintiff did take and carry away some of Wheeler's wood, the defendant would be entitled to a verdict, even if it appeared that it was by license of the owner, and that, too, known to the defendant at the time ; because the plea would be proved. So that to hold such a plea good, would enable the defendant to defeat the plaintiff's action, although the jury might find that he charged the plaintiff with the crime of larceny when he knew she was innocent. The county court properly ruled that the notice was defective.

2. The exceptions state that "several witnesses testified under objection by the defendant, that in the course of the spring and summer of 1862, the rumor and report was abroad in the neighborhood, of said accusation by the defendant against Mrs. Nott,"—"and that among the witnesses thus testifying, Atchison testified as follows : 'I heard the report talked about whenever I was out, particularly when it first came out." An exception is taken by the defendant to the admission of this evidence. It does not definitely appear at what precise date the defendant first spoke the words attributed to him in the declaration. If it was after the period referred to by the witnesses who testified to this rumor, the evidence was inadmissible ; for if so, the rumor could not have been in consequence of the publication of the slander by the defendant. If it was before, we see no valid objection to it, as we understand the exceptions. It is insisted by the defendant, that if others slandered the plaintiff by repeating the slander, they, and not the defendant, are responsible for such repetition. This is undoubtedly true as to such persons as repeated the accusation under such circumstances as to make themselves liable to an action for such repetition of the slander.

But we do not understand this to be the nature and tendency of this evidence. The construction we give to the exceptions is, that the report abroad in the community was, that this defendant had

Nott and Wife *v.* Stoddard.

charged Mrs. Nott with this offence. One would not necessarily be liable to an action for speaking of the fact that the defendant had made such an accusation against the plaintiff. The fact that the defendant had made such accusation would almost inevitably gain more or less notoriety in the neighborhood from the publication of the slander by the defendant, and the extent of the injury to the plaintiff would be dependent somewhat upon the degree and extent of this notoriety. The defendant is responsible for the necessary consequences of his wrongful act, and this evidence was admissible as tending to show the extent of such consequences, that is, the extent of the report that the defendant had thus accused the plaintiff. Whether evidence would be admissible to show that after the speaking of the words by the defendant, it was generally reported that the plaintiff was guilty of the crime, is another question, and one which we are not called on to decide.

3. It is insisted that the court erred in admitting evidence to show the effect of the slander upon Mrs. Nott, the plaintiff. The declaration contains the usual allegation in such actions, that in consequence of the speaking of the defamatory words she suffered great anxiety and distress of mind, and has been rendered liable to be prosecuted for the crime of larceny. There is no right which persons regard as more sacred than that of a good name and reputation, and nothing in relation to which they are more sensitive than to an imputation upon their character. Pain, distress and anxiety of mind is the usual and necessary consequence of the imputation of crime or of any act that tends to render one odious in the community. The mental suffering caused by the sudden loss of a good reputation in community, is an important element in the estimation of damages in actions of this character. If the evidence objected to is not admissible, it is not because the fact it tends to prove is not a legitimate consideration in estimating damages, nor because such damages are not alleged in the declaration. It is true such damages may be, and are usually inferred by the jury without direct proof. It is insisted it should be left to inference from the nature and tendency of the wrongful act complained of, and that it is not the subject matter of proof. But we see no reason why it is not a matter of proof to the extent of the direct and natural consequences of the defamatory

words spoken. It is insisted that such proof is only admissible to show special damage, and then must go to the extent of showing such mental suffering as to cause a loss of time and inability of the plaintiff to perform accustomed labor. To establish this last propo‹ sition, *Underhill* v. *Welton*, 32 Vt. 40, is referred to. But in that case it was held that the words were not actionable, and could be made so only by an allegation and proof of special *pecuniary* damage. It was further held that proof of such grief or mental suffer‹. ing produced by the slander, as rendered the plaintiff less able to perform her usual labor or attend to her business affairs, was sufficient proof of *pecuniary* loss to sustain the action. The principle of that case is rather in favor of the ruling of the court in this case admitting the evidence. The evidence was properly admitted.

4. A question is made as to the ruling and charge of the court in relation to the words spoken by the defendant to Ziba Chapin, on his inquiry at the instance of the plaintiff, as to the report that he, the defendant, had charged the plaintiff with stealing wood. The court very properly charged the jury that if the plaintiff caused the inquiry to be made as a trick, for the purpose of inducing the defendant to utter a slander against her, she could not make the words thus elicited a ground of action. The defendant requested the court to charge that no action would lie for the words spoken on that occasion. The defendant was not entitled to such charge. If the inquiry was made in good faith on the part of the plaintiff and Chapin, merely to ascertain whether the defendant had made such a charge, the words spoken on that occasion might be the ground of an action, as the defendant would have no right to avail himself of that occasion to reiterate the slander to gratify his ill-will or malice toward the plaintiff. The occasion was not one where the defendant was absolutely privileged, like a witness testifying in court, and some other cases where from principles of policy the occasion is absolutely privileged, irrespective of the motive or malice.

But the court told the jury that if the inquiry was made fairly and in good faith on the part of the plaintiff and Chapin, &c., and the defendant repeated the charge and asserted the fact, it would be actionable slander unless proved to be true—that the circumstances under which it was done were to be considered as bearing on the

Nott and Wife *v.* Stoddard.

question of damages. In this there was error. The defendant is not liable for the words spoken on that occasion unless they were spoken with malice, and the question of malice ought to have been submitted as a fact to the jury. If the defendant knew the words to be false, or had no reason to believe they were true, it would be sufficient and conclusive evidence of malice. Although the defamatory words relate to what the defendant professed to have seen himself, yet it cannot be assumed by the court that he did not believe them to be true. He might possibly have been honestly mistaken. He might have been mistaken in the identity of the person. It is true that malice is not generally necessary to be proved or found by the jury where the words are in themselves defamatory and actionable. Malice in such cases is implied by law, or in other words, the speaking of the words is a wrongful act, intentionally done, without just cause or excuse. This is malice in its legal sense, and when the words are defamatory, the law infers malice, and the question of malice is not submitted to the jury except upon the question of damages, unless the occasion of speaking the words is such as to rebut that inference, and render the speaking *prima facie* excusable; in which case the plaintiff cannot recover unless there is malice in fact. Cases of giving the character of servants, confidential advice for some legitimate purpose, communications to persons who ask for information and have a right or interest to know, are of this character. In such cases malice must be proved by extrinsic evidence, or inferred as matter of fact by the jury from the circumstances. The case at bar, so far as relates to this part of it, belongs to this intermediate class of cases, where, on the one hand, the occasion does not necessarily justify the words, nor on the other hand, is malice to be inferred by law, but must be found by the jury. These cases are an exception to the general rule that malice is to be presumed as matter of law. As the court left the case to the jury under the general rule, the charge in this respect was erroneous. As the evidence stood, this error in the charge may not have made any difference in the verdict, but it cannot be assumed that it did not.

Judgment reversed and new trial granted.