HOMER E. ROYCE v. M. J. MALONEY AND H. M. GOFF.

*Libel. Pleading.*

1. In an action for libel, it is not sufficient for the defendant to justify the very words as published; but he must justify them in the sense alleged in the declaration under innuendoes, when the innuendoes fairly explain them; thus, the plaintiff was Chief Judge of the Supreme Court; the publication contained the following: "*He has received presents and favors from leading litigants;*" the innuendo, or explanation given to these words in the declaration, was, "meaning thereby that the plaintiff was guilty of bribery in his said office." &c. The plea justified the words as true; but did not justify them in the sense charged by the innuendo. *Held*, that the plea was defective; that the words, aided by the facts alleged in the plea, were susceptible of the meaning given to them in the innuendo; and that it was for the jury to say whether they were used in that sense or not.

2. Nor does the concluding allegation in the plea, that the defendant "did publish the said words of and concerning the said plaintiff *as* in said first count," &c., amount to a justification of the words in the sense imputed to them in the innuendo; because if the defendant intended to charge the plaintiff with bribery, and wished to justify, the justification should be in clear and unequivocal terms.

LIBEL. Heard on demurrer to the defendant's plea, September Term, 1884, REDFIELD, J., presiding. Judgment, that the plea to the first count in the declaration (wherein bribery is averred) is sufficient; that the plea to the second count is insufficient, and demurrer overruled.

The declaration alleged, in part, that the defendant published a malicious libel of and concerning the plaintiff "and of and concerning his official conduct in said office of Chief Judge of the Supreme Court of Vermont, that is to say: 'He' (meaning the plaintiff) 'has received presents and favors from leading litigants' (meaning thereby that the plaintiff was guilty of bribery in his said office of Chief

Judge by receiving valuables from parties having causes for determination in the court over which the plaintiff then presided, with a view to influence the decision of the plaintiff in said causes)." The plea is sufficiently stated in the opinion of the court.

*Cross & Start*, for the plaintiff.

The defendant should have justified the publication in the sense charged by the innuendo, and having failed to do so, the demurrer should be sustained. *Nott & Wife* v. *Stoddard*, 38 Vt. 25: *Holton* v. *Muzzey*, 30 Vt. 365; *Torry* v. *Field*, 10 Vt. 408; *Skinner* v. *Grant*, 12 Vt. 456; *Commonwealth* v. *Snelling*, 15 Pick. 321; *Lindsey* v. *Smith*, 7 Johns. 360; *Knapp* v. *Fuller*, 55 Vt. 313; Town. Sl. & Lib. s. 196; Whar. Prec. Ind. 557. The language clearly indicates that the defendant intended the reader to believe that the plaintiff was a corrupt judge; that he was guilty of the crime of bribery; and any plea that does not justify to this extent is bad on demurrer. But there is no claim in these pleas that these presents and favors were given, bestowed, or received with any corrupt intent or motive, or that they were for the purpose of influencing the decisions of the plaintiff in any of the causes pending in the courts over which the plaintiff presided, or that the defendant will prove or attempt to prove that the plaintiff has been guilty of the crime of bribery. There is no attempt to justify the words published in the sense alleged in the declaration.

If there are any defects in the declaration, they are cured by the pleas. *Probate Court* v. *Van Duzen*, 13 Vt. 135; *Hoyt* v. *Smith*, 32 Vt. 304.

*Wilson & Hall, H. C. Adams, Farrington & Post*, and *A. G. Safford*, for the defendant.

As the demurrer fastens upon the first substantial defect in the pleadings, the inquiry is, whether the words in the first count are libelous, and whether they impute the crime

of bribery ascribed to them by the innuendo. Gould Pl. p. 474, ss. 36, 38. It will not be seriously claimed that the words are libelous without the innuendo. They do not impute any crime, nor expose the plaintiff to ridicule or contempt. Does the declaration contain any averment of fact upon which the innuendo can be sustained? The office of an innuendo is to explain what is before alleged; a mere form of introducing explanations, as *id est*, &c. 1 Chit. Pl. 406; *Taft* v. *Howard*, 1 D. Chip. 275; *Fitzsimmons* v. *Cutler*, 1 Aik. 33; 1 Stark. Sl. &. L. 418, 431; 8 East, 427. On the principles laid down in *Ryan* v. *Madden*, 12 Vt. 51, *Merritt* v. *Danforth*, 48 Vt. 65, *Wood* v. *Scott*, 13 Vt. 65, and *State* v. *Atkins*, 42 Vt. 252, it is very clear that the innuendo charging bribery is not sustained by any prefatory averment of facts necessary to constitute the crime. Odg. Lib. 100, 116. The only averment of fact in the declaration having any connection with bribery is, that the plaintiff was Chief Judge. There is no statement that while he was such that he sat in court as judge, or tried any cause. From aught that appears in the declaration the *presents* were from litigants in courts of other States. Stark. Lib. p. 391; 8 R. I. 143. The conclusion of the plea is the usual one for a full defence:—" Did publish the said words of and concerning the said plaintiff *as* in said first count of said declaration mentioned." *As* means like,—similar to. 3 Chit. Pl. p. 1031–3; *Craft* v. *Boite*, 1 Saund. 243*c*, 244*a*.

The opinion of the court was delivered by

TAFT, J. The question presented in this case arises upon demurrer to the plea of the defendant Maloney. It is alleged in the declaration that the defendant published of the plaintiff, Chief Judge of the Supreme Court of this State, that he received presents and favors from leading litigants, with the innuendo, "meaning thereby that the plaintiff was guilty of bribery in his said office of Chief Judge by receiving valuables from parties having causes

for determination in the court over which the plaintiff then presided, with a view to influence the decision of the plaintiff in said causes." The plea justifies the words as true, and sets forth with sufficient certainty the time, place, and the persons from whom the plaintiff is claimed to have received presents and favors and the suits in which said persons were parties litigant. The plaintiff contends that the plea does not answer the innuendo; that it is silent upon the question of whether the defendant meant by the words used to impute bribery to the plaintiff; and insists that the plea should have justified the words in the sense charged by the innuendo; and that in this respect it is defective. The rule upon this subject is stated by PECK, J., in *Nott and Wife* v. *Stoddard*, 38 Vt. 25, viz.: "Where the words are ambiguous, it is competent for the plaintiff thus (by innuendo) to allege the meaning of defendant in the language which he used, and it is for the jury to find the sense in which the words were spoken. In such case it is not sufficient for the defendant to justify the very words; he must justify them in the sense alleged in the declaration." The case of *Ames* v. *Hazard*, 8 R. I. 143, holds the same doctrine, the court saying: "While a defendant is not bound to justify any forced construction, made by way of innuendo upon the language of the publication, he is bound to more than a literal justification; he must justify the substance of the publication, its character, and its imputations; and he must justify in the sense in which the innuendoes explain it, if they explain it fairly."

If the words used by the defendant are susceptible of the meaning contended for by the plaintiff, it is clear to us that the plea is insufficient; for, if the plaintiff should traverse the plea, and the jury should find that he did receive some present or favor, the defendant would be entitled to a verdict, even if it appeared that such present or favor was not in connection with any suit or litigation, and made or granted without reference to the decision in any

cause; so that to hold such a plea good, would enable the defendant, by the form of his plea, to defeat the plaintiff's action, although the jury might find that he charged the plaintiff with bribery, when he knew he was innocent. Are the words used in the publication susceptible of the meaning given them in the innuendo? It is stated in the declaration that the plaintiff was Chief Judge of the Supreme Court of the State; and that the defendant published of and concerning him and his official conduct as such judge the words: " He has received presents and favors from leading litigants." In disposing of this question, the rules of pleading require us to consider, in connection with the facts stated in the declaration, all those alleged in the plea; as it is a rule, that a defect in pleading is aided, if the pleading is answered in such a manner that an omission or informality is expressly or impliedly supplied, or rendered formal or intelligible. 1 Chit. Pl. 671; *Hoyt* v. *Smith*, 32 Vt. 304, and cases cited. Recurring to the plea, it is therein stated, that the plaintiff was one of the judges of the Supreme Court from May, 1874, to May, 1884; was Chief Judge from May, 1882, to May, 1884, and by virtue of the office was the presiding judge of the County Court in Franklin County, and a chancellor; that he sat with the other judges of the County Court, heard and determined causes, and transacted other business as such judge; acted in causes as chancellor, and transacted the business of the Court of Chancery for Franklin County. The plea further sets forth, that during the time the plaintiff was such judge certain suits were pending before said court, involving important issues, and setting forth in detail the parties to the suits; that in said suits the plaintiff was the presiding judge, or chancellor, if chancery causes, and made rulings, decisions, and decrees; that he presided at jury trials, and made decisions as presiding judge, and setting forth the presents and favors claimed to have been received by the plaintiff; and we think it fairly inferable from the language of the plea

that the presents and favors were given, and granted, be-
fore the causes were determined, as the words of the plea
are that the plaintiff "did receive valuable presents and
favors from parties having causes for determination in the
court over which the plaintiff then presided;"—the obvious
meaning is from parties *then having* causes, not from those
who had had causes long before.   In fact, the times alleged
in the plea show that the alleged presents and favors were
received during the pendency of the suits set forth in the
plea.   The pleadings, therefore, disclose that the presents
and favors were received from litigants in causes pending
before the plaintiff, or in courts over which he presided—
causes in which he made rulings, decisions, and orders, and
while issues were pending before him.   We think it not
far fetched to say, that the defendant might have meant
that the plaintiff was influenced in his acts as judge by the
presents and favors; and that he chose apt words to express
that meaning.   The words stated in the declaration, aided
by the facts alleged in the plea, are capable of the meaning
ascribed to them in the innuendo.   They may not have been
so used, may not have been so understood, yet they were
susceptible of that meaning; and it is for the jury to say
whether the defendant did use them in that sense or not.
In *Bornman* v. *Boyer*, 3 Binney, 515, TILGHMAN, Ch. J., says:
"Where words will bear several meanings the plaintiff has
a right to aver by an innuendo, the meaning with which he
conceives they were spoken and it is for the jury to decide
whether he is right."

It is argued in support of the plea, that the concluding
allegation, that the defendant "did publish the said words
of and concerning the said plaintiff *as* in said first count of
said declaration mentioned," &c., amounts to a justification
of the words in the sense imputed to them in the innuendo.
This depends upon the construction to be placed upon the
words.   The defendant says that he did publish the words
as mentioned in the first count; but does it refer to any-

thing save the publication? does it mean that he did publish the words and that he meant thereby to charge the plaintiff with bribery? The latter construction, we think, would be a strained or forced one. The defendant does not expressly state that he spoke the words with the meaning alleged; and the effect of the pleading is to leave it in doubt, whether he meant that he spoke the words with the meaning or without it. It is incumbent upon the pleader in stating the ground of his action or defence to explain himself *fully and clearly.* Gould Pl. Ch. 3, s. 169. It is a maxim in pleading, that everything shall be taken most strongly against the pleader. *Took* v. *Glascock,* 1 Saund. 259, *n.* 8. A pleader must say what he means, and the court will not search out a meaning for him. 1 Chit. Pl. 261, *n. c.* The language of the plea is not susceptible of the meaning contended for by the defendant. It relates to the words used rather than the meaning of the defendant when using them. It is peculiarly within his knowledge, whether he meant to charge the plaintiff with bribery. If he did, and he wishes to justify, good pleading requires him to say so, in clear terms, not equivocally. A plea should be certain. Com. Dig. Pleader, E 5. This one is not so in the respect mentioned. The court below should have held the demurrer well taken.

Judgment reversed and cause remanded.

POWERS, J., did not sit, having ruled upon the same question in case of *State* v. *Maloney.*