Rudolph M. Eppstein

v.

George L. Webb, Assignee.

44  341
51  234

*Master and Servant—Insolvency of Master—Recovery of Wages—Preference—Traveling Salesmen.*

A traveling salesman is not " a laborer, servant or employe within the meaning of the statutes authorizing a preferential payment out of the assets " of his insolvent employer's estate.

[Opinion filed May 4, 1892.]

Appeal from the County Court of Cook County; the Hon. Frank Scales, Judge, presiding.

Messrs. Griffin & Wile, for appellant.

Messrs. Ullmann & Hacker, for appellee.

Shepard, J.   Appellant was a traveling salesman in the employ of the insolvent Ayres & Wygant Company.

The services he rendered were under the provisions of a written contract with said corporation bearing date June 20, 1890.   By the terms of the contract he was to receive $2,500 a year in salary and guaranteed commissions, $1,800 being payable in monthly installments of $150 each, and the remaining $700 as guaranteed commissions, being payable at the close of the year's business.   Traveling expenses to be paid by the corporation.

The appellant continued in such employment until the corporation failed and made an assignment in October, 1891. Thereupon he petitioned the County Court to allow him a balance of $757.18 due him, as a preferred claim against the said insolvent estate.

The County Court found appellant was not "a laborer, servant or employe within the meaning of the statutes

authorizing a preferential payment out of the assets " of said insolvent estate, and dismissed the petition without prejudice to appellant's right to prove his claim against the estate and participate *pro rata* in the distribution of its assets.    The case comes here by appeal from that judgment.

The precise question has been decided by this court in Epps v. Epps, 17 Ill. App. 196, and that decision is approved in Signor v. Webb, assignee, 44 Ill. App. 338.

The principal question involved here was also involved in the case last referred to, and we refer to the opinion in that case as stating all that is necessary in addition to what has already been said.

The judgment of the County Court is right and will be affirmed.

*Judgment affirmed.*