## Standard Fashion Co. v. Blake.

1.   LABORER AND SERVANT—*Who is Not.*—A traveling salesman is not a laborer or servant within the meaning of the statute approved June 1, 1889, providing for attorney's fees when a mechanic, artisan, miner, laborer or servant sues for wages.

**Memorandum.**— Assumpsit for work, labor, etc.   Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding.   Heard in this court at the October term, 1893.   Reversed and remanded.   Opinion filed February 8, 1894.

The statement of facts is contained in the opinion of the court.

BOOTH & BOOTH, attorneys for appellant.

SMITH, HELMER & MOULTON, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee was a traveling salesman in the service of the appellant, and this action is for a balance that he claims to be due him.

The jury gave him a verdict of $65.51, and the court gave

him a judgment for the dollars, without the cents, and added to the dollars fifteen other dollars.

This addition the appellee tries to justify under the act providing for attorney's fees when mechanic, artisan, miner, laborer or servant sues for wages, approved June 1, 1889, printed at the end of chapter 13 of statute by Hurd.

The appellant seems not to be aware (and if the appellee is he won't tell) that as long ago as the 25th day of November, 1885, this court decided that a traveling salesman was not a laborer or servant within the meaning of the then statute, and repeated the same construction on the 4th day of May, 1892, under the present statute. Epps v. Epps, 17 Ill. App. 196; Epstein v. Webb, 44 Ill. App. 341.

That he is not a mechanic, artisan or miner, needs no illustration.

Without commenting on the evidence, we think that if the appellee within two days after this opinion is filed will remit all in excess of $40 we will affirm for that sum; otherwise reverse and remand. In either case the costs fall on the appellee. K. & S. R. R. Co. v. Horan, 30 Ill. App. 552.