## Giddings v. McCumber.

1. EVIDENCE—*Plea Denying Indorsement.*—In a suit upon a promissory note the defendant denied an alleged indorsement thereon by a partnership, by a verified plea; a witness testified that he was one of the partners composing the firm and that the indorsement by the firm was his signature: *held* that the testimony being uncontradicted, disproved the plea denying the indorsement.

2. PROMISSORY NOTES—*Recovery Under the Common Counts.*—If a plaintiff can show title to the note sued on, he can recover under the common counts.

3. PROMISSORY NOTES—*Holder's Right to Recover.*—The holder of a bill or promissory note, indorsed in blank by the payee, may recover on it, notwithstanding there were subsequent indorsements in full upon it. He may strike them out or not, as he pleases.

4. USURY—*Note Made in a Foreign State.*—To make the defense of usury to a note made in Dakota, the defendant should plead the statute of Dakota, if there be one, which the note violated. Without such a statute there could be no defense, for "usury is illegal only as it is made so by statute."

5. INSTRUCTIONS—*Must be in Writing.*—Where the court said to the jury, "Gentlemen, there is no defense in this case; just sign your names to this form;" *it was held,* under the statute prohibiting oral instructions, to be indefensible.

6. INSTRUCTIONS—*Exceptions to.*—An exception to an instruction may be to the manner of giving it or to the matter of the instruction.

7. PAYMENTS—*Indorsement on a Note—Presumptions.*—In the case of an indorsement upon a promissory note, the presumption is that it is made by, or with the assent of, some holder of the note at the time the indorsement was made. The universal understanding is that the safest evidence of a partial payment is an indorsement of it upon the instrument showing the duty to pay. To decide that the party holding and suing upon the instrument may, without any explanation, or proof of mistake, or anything else rebutting the presumption arising from the indorsement, destroy that evidence and recover the whole sum originally promised, would shock the common sense of all business men.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded upon condition of the refusal to remit a portion of the judgment. Opinion filed February 8, 1894.

The statement of facts is contained in the opinion of the court.

MILLER & STARR and LORENZO C. BROOKS, attorneys for appellant.

WILBER, ELDRIDGE & PINNEY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Instead of considering separately the dozen different reasons urged by the appellant why the judgment should be reversed, we shall show why the appellee was entitled to recover.

The suit was upon a promissory note, a copy of which, and of the indorsements is:

"$400. WAHPETON, DAKOTA, February 23, 1886.

Four months after date, for value received, I promise to pay to the order of Richland County Loan Association, four hundred dollars, with interest at the rate of twelve per cent per annum, before and after maturity. Payable at the First National Bank of Wahpeton.

F. C. GIDDINGS."

Indorsements:

" Demand and notice of non-payment hereby waived.

RICHLAND COUNTY LOAN ASSOCIATION,

JOHN JOHNSTON, Pres't."

" Without recourse, pay to the order of P. J. McCumber.

C. F. SIBLEY, Receiver,

First National Bank of Wahpeton."

" Forty and thirty-four one hundredths dollars paid on the within on account of dividends paid. Last dividend paid, two per cent, March 20, 1890."

Indorsement erased:

" One hundred and six and eighty one hundredths dollars paid on the within on account of dividends paid. Last dividend two per cent, declared March 20, 1890."

The declaration contained a special count upon the note, but variant from it, alleging the indorsements by the Richland County Loan Association and the First National Bank of Wahpeton, and also the common counts. Both the indorsements alleged were denied by verified pleas.

John Johnston was a witness and in effect testified that he and two partners were a firm in the real estate and loan business, as the Richland County Land Association; all three transacted the business; and that the indorsement by that association was his signature. That testimony being uncontradicted, disproved the plea denying that indorsement.

If the appellee could show title to the note he could recover under the common counts; Gilmore v. Nowland, 26 Ill. 200; and the first indorsement being in blank, he could claim under that and disregard all that followed it. " The holder of a bill or promissory note, indorsed in blank by the payee, might recover on it, notwithstanding there were subsequent indorsements in full upon it, and he might strike them out or not, as he pleases." Huie v. Bailey, 16 Louisiana 213; Walker v. MacDonald, 2 Exch. 527.

If he might disregard indorsements in full, *a fortiori*, he may if they are in blank.

No question of usury arises on this record; it was not pleaded. Sec. 7, Ch. 74, Interest.

To make that defense, the appellant should have pleaded the statute of Dakota, if there be one, which this note violates.

Without such a statute there could be no such defense for "usury is illegal only as it is made so by the statute." Tyler on Usury, 65.

In England for forty years the liberty of contract in relation to interest has been the same as upon any other subject. Ch. 90, 17 and 18 Victoria, L. J. Stat. 1853–4.

The interrogatories to Johnston on cross-examination, to which objections were sustained, were unaccompanied by any offer as to what would be proved, and therefore no question can now be made on them. Gaffield v. Scott, 33 Ill. App. 317.

There was nothing to argue to the jury, or on motion for a new trial, and the haste of the court, not excepted to, would be no ground of complaint if it were. But the court said to the jury, "Gentlemen, there is no defense in this case; just sign your names to this form;" which was, under the statute prohibiting oral instructions, indefensible.

The appellant "excepted to the instructions so given to the jury." Such an exception may be to the manner of giving, or to the matter of, the instruction. If ambiguous, the construction least favorable to the appellant is to be adopted. Rogers v. Hall, 3 Scam. 6, has been cited and followed many times by this court. But the court followed this oral instruction with a written one to find a verdict for the appellee for $711.46. This was error. The erased indorsement, if it had remained unerased, would have been evidence of part payment. Long v. Kingdon, 25 Ill. 66.

The presumption is that it was made by, or with the assent of, some holder of the note at the time the indorsement was made. The universal understanding is that the safest evidence of a partial payment is an indorsement of it upon the instrument showing the duty to pay. To decide that the party holding and suing upon the instrument may, without any explanation or proof of mistake, or anything else rebutting the presumption arising from the indorsement, destroy that evidence and recover the whole sum originally promised, would shock the common sense of all business men.

The appellant called the attention of the court specially to the erased indorsement as a credit to be allowed, but the court refused to instruct the jury to allow it. This error affects only the amount recovered. If the appellee will, within two days after this opinion is filed, remit the amount of that credit, the judgment will be affirmed for the residue, otherwise reversed and the cause remanded; in either case the costs will fall on the appellee. Standard Fashion Co. v. Blake, 51 Ill. App. 233.

No new computation of interest is necessary, as the amount of credits by both indorsements did not equal the then accrued interest. McFadden v. Forties, 20 Ill. 509.