H. H. POWERS *v.* RUTLAND RAILROAD COMPANY.

February Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed May 11, 1910.

*Pleading—Inconsistent Methods—Filing General Issue with Notice and Special Pleas—Effect—Election of Methods— General Issue with Notice—How Challenged.*

A demurrer to a plea is very different from a motion to strike it from the record, and a judgment, on demurrer to a plea, that it is insufficient does not eliminate it from the record.

Inconsistent methods of pleading are not allowable, and a defendant, who has pleaded the general issue, must elect whether he will specially plead his further defence, or give notice thereof under the general issue, but he cannot do both, and if he does, the court if it has occasion to act, will eliminate such special pleas, since a defendant in such case has a statutory right to give notice under the general issue, but he can further plead specially only by leave of court.

Where a defendant pleads the general issue and thereunder files notice of special matter of defence, he renounces his right to any other method of pleading to the merits; and if he files special pleas besides, they should be disregarded by the plaintiff and the court.

Under our practice a notice of special matter of defence filed with the general issue cannot be challenged by demurrer or motion to dismiss, nor does it admit of an answer by way of replication or

counter notice, but can be met only by the introduction of evidence, or by objection to the admission of evidence thereunder.

Assumpsit.  Pleas, the general issue with notice, and two pleas of accord and satisfaction.  Heard on demurrers to each of the special pleas and on a motion to strike from the record a portion of the notice under the general issue, at the December Term, 1909, Lamoille County, *Hall,* J., presiding.  Demurrers sustained and the two pleas adjudged insufficient, and motion sustained, *pro forma,* as matter of law.  The defendant excepted.

*E. W. Lawrence, Alexander Dunnett* and *Roger W. Hulburd* for the defendant.

The sufficiency of a notice under the general issue can be tested only by objecting to the admission of evidence thereunder. *Randall* v. *Preston,* 52 Vt. 198; *Cade* v. *McFarland,* 48 Vt. 47; *Edwards* v. *Harrington,* 45 Vt. 63; *Fullerton* v. *Mack,* 2 Aiken 415; *Herring* v. *Selding,* 2 Aiken 12; *Barney* v. *Golf and Cadey,* 1 D. Chip. 304; *Bowdish* v. *Peckham,* 1 D. Chip. 144; *Lindsley* v. *Keyes and Williams,* 5 Johns. 123; *Shepard* v. *Merrill,* 13 Johns. 475; *Chamberlain* v. *Gorham,* 20 Johns. 143; *Edwards* v. *Clemons,* 24 Wend. 480; *Fuller* v. *Rood,* 3 Hill 258; *Bailey* v. *Valley National Bank,* 127 Ill. 332; *Burgwin* v. *Babcock,* 11 Ill. 28; *Hunt* v. *Weir,* 29 Ill. 83.

*H. H. Powers* pro se.

Haselton, J.  This is an action of assumpsit.  The defendant filed the general issue, two pleas of accord and satisfaction and notice of special matter in defence.  As to the general issue, by which the defendant put itself upon the country, the plaintiff did the like; and to each of the special pleas the plaintiff demurred.  The plaintiff filed also a motion that the court strike from the record so much of the notice of special matter as related to accord and satisfaction on the ground that it was the same matter set up in the defendant's special pleas.  The demurrers were sustained and the two pleas of accord and satisfaction were adjudged insufficient.  To the judgment of the court upon the demurrers no exception was taken.  The motion to strike from the record the notice of special matter, or a part

thereof, was sustained, *pro forma,* as matter of law. To the ruling of the court in this regard the defendant excepted and the cause was passed to this Court.

The defendant claims that the judgment of the court on the demurrers was in effect that there were no special pleas, and that by such judgment and the acquiescence of the defendant therein such pleas were eliminated from the record. But a demurrer is a very different thing from a motion to strike from the record and a judgment that a plea is insufficient cannot in the very nature of pleading, be treated as striking off or eliminating the pleas.

So the question of whether a defendant can file with the general issue both special pleas and notice of special matter in defence is presented. In *Lee* v. *Follensby,* 83 Vt. 35, 74 Atl. 327, it was decided that a defendant must choose between the method of pleading permitted by the Statute of 4 Anne, Chap. 16, §4, and the method to which he was confined by the common law unmodified by that statute; and it was said by way of obvious illustration that a defendant cannot by virtue of our statute, providing for the general issue with written notice of special matter of defence, file such notice and also special pleas setting up the same matter. No more was said there than was entirely obvious and calculated to illustrate the very question then under discussion. But in fact it is immaterial whether or not the notice and the special pleas set up the same matter of defence. It is a question of methods of pleading and a confusion of methods should not be permitted. The pleader must make his choice, and confine himself to the one method or the other. Our statute means the same in the respect in question as a similar statute in Illinois. The Supreme Court of Illinois long ago found it not improper to remark with regard to their statute that it ''does not give to a defendant the right to plead specially and also give notice of the special matter relied on as a defence.'' *Benjamin* v. *McConnel,* 9 Ill. 536, 46 Am. Dec. 474.

Later the Illinois court explicitly held that a defendant cannot resort to both modes of pleading. This they held in a case in which the general issue, special pleas and notice of matter in defence were filed at the same time. In the trial court the defendant refused to elect between his special pleas and his notice, and thereupon his special pleas were struck from the

27

files. The Supreme Court held that the proper course was taken. *Gilmore* v. *Nowland,* 26 Ill. 200.

In England in various actions by virtue of various statutes passed at different times it was provided that a defendant might plead the general issue and give in evidence thereunder special matter of defence of which the statute invoked was notice. Some of the many statutes to which reference is made are the following: 32 Geo. 2, c. 34, §15; 31 Geo. 2, c. 22, §79; 31 Geo. 2, c. 40, §19; 31 Geo. 2, c. 29, §40; 29 Geo. 2, c. 25, §19; 29 Geo. 2, c. 19, §4; 24 Geo. 2, c. 8, §24; 23 Geo. 2, c. 31, §38; 23 Geo. 2, c. 33, §18; 23 Geo. 2, c. 30, §24; 23 Geo. 2, c. 27, §33; 22 Geo. 2, c. 47, §17; 19 Geo. 2, c. 35, §24; 14 Geo. 2, c. 10, §6; 11 Geo. 2, c. 19, §21.

The English Courts distinguished the general issue "by statute" and the general issue at common law, and it came about that, to prevent abuse, when a defendant filed a statutory general issue, which amounted to the general issue with notice under our practice, the courts would not allow him to plead specially. In *Legge* v. *Boyd,* 1 M. & G. 898, Chief Justice Tindal said: "Where a defendant avails himself of the advantages arising from the statutable plea of the general issue he ought not in addition to plead specially." The other justices were of the same opinion. Justice Maule put the whole matter very clearly by saying in substance that the statutes enabling defendants to plead the general issue and give thereunder special matter in defence were not in their purpose cumulative but substitutive. This case was decided in the Court of Common Pleas in 1840, and the decision is tersely stated in this headnote: "The court will not allow a defendant to put special pleas on the record in addition to the statutable plea of the general issue." In 1841 the same ruling was made in the King's Bench. *Ross* v. *Clifton,* 11 A. & E. 631. Before either of these cases was decided, the Court of Exchequer had held the same thing, while Lyndhurst, thrice Lord Chancellor, was Chief Baron of the Exchequer. *Neale* v. *M'Kenzie,* 1 Cromp. M. & R. 61. In that case Lord Lyndhurst remarked: "You must make your election. If you plead the plea of the general issue given you by statute you must take it with all its inconveniences." As has been seen the general issue by statute, to which reference was made, was substantially the equivalent of our general issue with notice. It

all comes to this, that inconsistent methods of pleading are not allowable, and that, when a special plea and notice are filed with the general issue, the court, if it has occasion to act, will eliminate the former, since notice may be joined with the general issue as of right under our statute, while a special plea can be so joined only by leave of court, since the Statute of Anne is a part of the common law as adopted here, *Clement* v. *Graham,* 78 Vt. 290, 63 Atl. 146, and though such leave is implied where the pleadings are in due course it is not when they are otherwise.

The question does not relate to the filing of inconsistent pleas, for that is allowable, in order that the pleas may be adapted to the facts developed in evidence. In this case as in the case of *Lee* v. *Follensby,* above referred to, we have to do with inconsistent methods or systems. And since the judgment of the court on the demurrers did not, as counsel assume, eliminate the special pleas from the record, we strike from the record those pleas and whatever was done under them and relates thereto. We hold that when a defendant files and relies on a notice of special matter of defence under the general issue he recognizes the statute, avails himself of it, accords to the plaintiff the benefit of it, and renounces his right to any other method of pleading to the merits; and that questions presented by special pleas filed in connection with the general issue and notice are academic merely and may and should be disregarded by the plaintiff and by the court.

Thus much it has been necessary to determine in order to a disposition of the very question raised by the exception to the ruling of the court, made as matter of law, striking out of the notice every thing relating to an accord and satisfaction. The motion could not prevail on the ground on which it was in terms rested, for, if it does recite the same accord and satisfaction alleged in the special pleas, that fact is immaterial since those pleas go for nothing. That ground is not urged in the plaintiff's brief; but the plaintiff urges that the motion rightfully prevailed since, as he claims, the notice does not disclose a legal defence, because the matter relied on as an accord and satisfaction does not amount to that.

But under our practice neither a motion to dismiss, for insufficiency, a notice filed with the general issue, nor a demurrer thereto is entertained. *Nott* v. *Stoddard,* 38 Vt. 25, 88 Am. Dec.

633; *McMullin* v. *Erwin,* 69 Vt. 338; *Campbell* v. *Camp,* 69 Vt. 97, 37 Atl. 238.

Nor under our practice does a notice require or admit of an answer by way of replication or counter notice. The notice is not issuable. *Keyes* v. *Howe,* 18 Vt. 411, 413. *Peck.* J., in *Nott* v. *Stoddard,* above recited. In this State the reply is made by the introduction of evidence. Herein there is no hardship upon the defendant, for, if he would compel a preliminary reply, he must make bold to plead specially without giving notice under the general issue.

By an act passed in February, 1779, "for preventing unnecessary charge and delays in the several courts of common pleas in this State," it was provided, among other things, that, with an exception or two, a defendant might, under the plea of the general issue, give in evidence any matter of defence or justification. Slade's Papers, 378.

This statute, passed at the first session of our General Assembly of which we have any memorial, did not provide for notice of the special matter relied on. The statute was borrowed from Connecticut, where it was passed in colonial times, and according to Judge Zephaniah Swift, was enacted because the courts did not furnish a remedy against the then prevalent abuses of special pleading. 1 Swift's Dig. 614. Notice of the special matter relied on was first required in 1797. See the revision of that year, page 124. But the purpose of the act of 1779 has always controlled, and the sufficiency of a defence set up by notice under the general issue cannot be challenged until the case is on trial, when it may be tested by an objection to the evidence offered under the notice. *Nott* v. *Stoddard,* 38 Vt. 25, 88 Am. Dec. 633; *Campbell* v. *Camp,* 69 Vt. 97, 37 Atl. 238.

We have a long line of cases in which the doctrine of the decisions last cited has, as matter of course, been acted upon by all concerned.

This case stands on the general issue with notice of special matter in defence, and the question of whether the notice is sufficient to let in any defence which cannot be made under the general issue alone is not now before us.

*The pro forma judgment is reversed and the cause is remanded. The case having been embarrassed by the action of the*

*prevailing party in filing special pleas along with the general issue and notice and in seeking to maintain that the judgment on demurrer eliminated the pleas, costs in this Court are denied by virtue of P. S. 2985, since in the opinion of the Court justice so requires.*