RUTLAND,  SAMUEL BROUGHTON *vs.* DAVID HOWE and PHEBE HOWE.
January,
1834.                          (*In Chancery.*)

> When three legatees hold a piece of land devised to them in common, if one sells a a part of the estate by metes and bounds, he is not entitled to notice from the court of probate, when a division is ordered among the legatees in pursuance of the statute.

> A deed executed by one tenant in common, under such circumstances, is so far void and inoperative, as not to entitle him to such notice.

This was a bill in chancery, the substance of which and of the answer so fully appears in the opinion of the court, as to render any further statement unnecessary.

*J. Clark for complainant.*

*Harmon, for defendant,* insisted, 1. That the plaintiff derived no title to any lands by the deed of Jesse Howe, that deed describing, by metes and bounds, a portion only of the fifty acres of which Obed, Jesse and David Howe were tenants in common. This deed cannot be said to convey all Jesse's right and title to two undivided third parts of the fifty acres, for the same reason; that is, it is by metes and bounds, and does not affect the other third part, nor hinder that part from being set off to Jesse by partition.

2. There was no division into severalty, until done by order of the court of probate, April 17, 1817. Partition can only be by deed, at common law, or in some statute mode.—Chipman's Rep. 13, *McKenzie vs. Putney.* But there was no partition in fact, as pretended. The agreement between Jesse and David was merely for the convenience of temporary occupation. Obed Howe was not consulted, and knew nothing of the matter; and David was only nineteen years of age;—all well known to the plaintiff.

3. The proceedings of the court of probate, and the partitioning of the land, may have no concern with the case, except to illustrate the preceding view of it. If legal and correct, a legal partition has been made; and the plaintiff can have no pretence of claim, in virtue of his deed, to the part allotted to Jesse, which has been levied, on executions in favor of his creditors, who, together with Obed Howe, have valuable rights, without adjusting which it would seem to be impossible to settle the claim of the plaintiff, if he had a well founded one. But though the names of all these claimants are of record, none are joined in the bill !

The opinion of the court was pronounced by

WILLIAMS, Chan.—This case comes before us on the bill and answer. The bill sets forth, that Joshua Howe made his will, devising to his son David fifty acres of land during his life, and the remainder to the three sons of David, to wit: Jesse, Obed, and David, the defendant. The defendant, Phebe Howe, is mother of the defendant, David, and relict of David the son of Joshua. David the elder died in January, 1814. Jesse and Obed were then of age, and David a minor. These facts are admitted by the answer. The bill then charges, that soon after the death of David the elder, an actual division was made of the fifty acres into three parts. The north part was set to Jesse, the middle to Obed, and the south to David; and that Jesse went into possession of the two north parts, and David the south part. The answer denies this part of the bill, but sets forth that there was some agreement between him and his brother Jesse, in relation to the occupation of the same in severalty, and for the purpose of supporting their mother; but says that Obed was not consulted, and that he was then under age, and that Obed refused his assent thereto when he was informed of the same. It appears, however, by the bill and answer, that Jesse went into possession of two north parts, and David, the defendant, of the south part. On the twenty-third of January, 1816, Jesse conveyed by metes and bounds to the complainant the two north parts of the whole premises, and the complainant went into possession of the same, and continued in possession until the spring of 1817. The deed was placed upon record. The bill further charges, that on the 17th of April, 1817, the defendant, David Howe, without the knowledge of the complainant procured a committee to be appointed by the probate court, to make division of the estate thus bequeathed to them by the will of Joshua Howe; and that the committee, without giving any notice to the complainant, proceeded to make a division, and assigned to the said Jesse the south part, which had before been actually divided to the said David; and to Obed the middle part, and to David the north part; and that David took possession, and turned the complainant out of possession of the two north parts. The answer admits the application to the court of probate, and sets forth a division made by the committee appointed by the said court, and the acceptance thereof by the court of probate. The defendant became of age on the 25th of February, 1817, and

RUTLAND,
January,
1834.

Broughton
vs.
Howe et al.

this order was obtained in less than two months, to wit: on the 17th of April, 1817. The complainant insists that the division is illegal and must be set aside, as he was not notified, and that such notice was necessary by the statute then in force in relation to partition among heirs and legatees; and further sets forth, that by the location made by the committee, the part set off to Jesse was out of the boundaries contained in the deed from Jesse to him; that he had no notice of the proceedings in the probate court in season to take an appeal; that Jesse was insolvent and had absconded, and that his creditors have levied executions on the part set off to him by the committee. The bill prays that the division may be decreed to be null and void; that the defendant may be decreed to convey to the complainant the north part, or one third of said fifty acres, and account to him for the rents and profits thereof. It does not appear whether Obed has ever deeded his share of the fifty acres, either to Jesse or the defendant; and of course Jesse could have had no pretence of right to that part of the fifty acres, if he had any reasonable expectation of enjoying the residue, and could not convey it to the complainant. To entitle the orator to the relief he asks for, he must assume that the division made by the court of probate in 1817 is valid until set aside. If it was void for want of notice, as he has strenuously contended in his argument, he does not require the interposition of this court, as he has as ample a remedy at law as he ever had. If that division is valid, it is to be remarked that all the equitable circumstances on which the orator relies for relief are denied by the answer. The orator was not of age when the division in fact was made. The division made by the court of probate was legal in every respect. As the land was actually held in common when the deed was executed by Jesse to the complainant, that deed was so far void and inoperative, that it would not entitle the complainant to any notice from the probate court. One tenant in common cannot convey by metes and bounds a part of the estate held in common, where it would operate to the injury of his co-tenants. The other tenants were seized of their share of the whole estate, and had a right to have their share set off to them in severalty in any part of the estate; which they could not do, if one tenant can convey his share in a part of the estate by describing that part by metes and bounds.

The bill must therefore be dismissed with cost.