EDWARD P. LEE v. CURTIS C. FOLLENSBY AND CHARLES E. PECK.

May Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed June 22, 1907.

*Pleading—Oyer—Demurrer—Effect of Failure to Recite Instrument on Oyer—Trespass Quare Clausum—Justification—License of Cotenant.*

Where an instrument is recited on *oyer* in a demurrer to a declaration making profert thereof, the instrument is treated as a part of the declaration and within the scope of the demurrer; but where, though oyer is asked and granted, the instrument is not so recited, but only passed up to the court, the facts contained therein are not within the scope of the demurrer, and will not be considered by the court.

Where a declaration charges trespasses committed on a specified date, and on divers other days and times between that date and the bringing of the suit, pleas professing to answer the whole declar-

ation, but relying only on deeds conferring rights that expired before the date of the writ, 'are bad on demurrer.

In a suit in trespass, where the declaration charges defendant with breaking and entering plaintiff's close, and then felling and removing trees and underbrush there growing, a plea justifying the breaking and entering as done under a license of plaintiff's cotenant is good, although without further allegation as to the scope of the license or the purpose of the entry, or touching the subsequent acts alleged in the declaration.

Trespass Quare Clausum. Pleas, the general issue, and special pleas justifying under a deed and license from plaintiff's cotenant. Heard on demurrers to said special pleas, at the December Term, 1906, Caledonia County, *Powers, J.,* presiding. Demurrers overruled and the several pleas adjudged sufficient. The plaintiff excepted. Cause passed to the Supreme Court before final judgment. The opinion states the substance of the pleas.

*Dale, Amey & Hunt* and *May & Hill* for the plaintiff.

A tenant in common of land cannot create an easement therein in favor of a stranger. Wash. Eas. & Serv. (4th ed.) 46; *Collins* v. *Prentice,* 15 Conn. 423; *Marshall* v. *Trumbull,* 28 Conn. 183; *Watkins* v. *Peck,* 13 N. H. 360; *Clark* v. *Parker,* 106 Mass. 557; *Bartlett* v. *Harlow,* 12 Mass. 348; *Varnum* v. *Abbott,* 12 Mass. 474; *Baker* v. *Whitney,* 3 Sumner 475; 1 Wash. on Real Prop. (6th ed.) §880; *Murray et al.* v. *Haverty et al.,* 70 Ill. 318; *Tipping et al.* v. *Robbins,* 64 Wis. 546; *Granger* v. *Postal Tel. Co.,* (S. C.) 50 S. E. 193; *Charleston etc. Co.* v. *Fleming,* 118 Ga. 699.

Though defendants were tenants in common with plaintiff, they would still be liable in trespass. *Booth* v. *Adams,* 11 Vt. 160; *McLellan* v. *Jenness,* 43 Vt. 188; *Wait* v. *Richardson,* 33 Vt. 190; Freeman on Cotenancy, §299; *Bennett* v. *Clemence et al.,* 6 Allen 18; *Silloway* v. *Brown,* 12 Allen 30; 17 Am. & Eng. Enc. (2nd ed.) 694; *Holly* v. *Hawley,* 39 Vt. 525.

*Harland B. Howe* and *Herbert W. Hovey* for the defendant.

The pleas justifying the entry under deeds from plaintiff's cotenant are good. *Holbrook* v. *Bowman,* 62 N. H. 313; *Ballou* v. *Hill,* 47 N. H. 347; *Rising* v. *Stannard,* 17 Mass. 282; *Brown* v. *Bailey,* 42 Mass. 254; *Badger* v. *Holmes,* 6 Gray 118; *Stevens* v. *Norfolk,* 46 Conn. 227; *Goodwin* v. *Keeney,* 49 Conn. 563; Freeman on Cotenancy and Partition, §253.

The breaking and entry is the gist of the action, and defendants need justify only that. Hence the pleas relying on a license of plaintiff's cotenant are good. *Hubbell* v. *Wheeler,* 2 Aiken 359; *Hathaway* v. *Rice,* 19 Vt. 102; *Grout* v. *Knapp,* 40 Vt. 163; *Goodrich* v. *Judevine,* 40 Vt. 190; *Warner* v. *Hoisington,* 42 Vt. 98; *Howard* v. *Black,* 42 Vt. 258; *Baker* v. *Wheeler,* 8 Wend. 505.

MUNSON, J. The declaration alleges the breaking and entering of the plaintiff's close, and the felling and removal of trees and underbrush there growing. The second and third pleas disclose a defence based upon deeds given by a cotenant of the plaintiff. The third and fourth pleas base the defence upon a license of the cotenant. The questions are raised by a general demurrer to these pleas.

The deeds are pleaded with profert. The plaintiff craves oyer of the deeds, and having heard them read demurs, but without reciting the deeds. Copies are furnished the Court on argument.

It is said in Gould's Pleading, Part II, §35, that the object of craving oyer is that the pleader may have an opportunity to recite the instrument, and thus avail himself, upon the face of the record, of anything in the writing which may aid him. It is said in Chitty's Pleading, p. 432, that if one pleading a deed and making profert omits to state any part of it which is material to the case of his opponent, the only way in which the latter can relieve himself is by praying oyer of the deed, and setting it out *in haec verba.*

The reasons for this requirement are obvious, and especially so when the issue is presented by demurrer. A demurrer submits to the court the legal effect of what appears upon the face of the preceding record. When the instrument is recited on oyer, it stands the same as if incorporated in the previous pleading where profert of it is made. If not recited, the facts contained in it are not within the scope of the demurrer. The

recital is also essential to a proper evidence of the issues deter-mined, however the case may be presented. If the instrument is not recited, but merely handed up on argument, the case may be determined upon matters which are not contained in the record, but appear only from a loose paper, bearing no mark that connects it with the case, and which may easily fail of pres-ervation in the files.

So the deeds are not before us, and the points depending upon their contents will not be considered.

The declaration alleges trespasses occurring on the 21st day of October, 1903, and on divers other days and times between that date and the bringing of the suit. The writ is dated August 31, 1906. It appears from the pleas that the rights con-ferred by the deeds, whatever they may have been, ended on the first day of April, 1906. So the trespasses occurring between that date and the commencement of the suit are not justified. These pleas profess to answer the whole declaration, but fail to do so, and are bad for this reason.

The fourth and fifth pleas justify the breaking and entering as done under a license of the cotenant, but without further allegation as to the scope of the license or the purpose of the entry, and without any allegation touching the subsequent acts alleged in the declaration. The only point made against the sufficiency of these pleas is that a parol license by one tenant in common cannot affect the rights of his cotenant. The question presented by this objection, applied to the pleas as framed, is simply whether one tenant in common can confer a right of entry without the consent of his cotenants. It is not essential to the determination of this question that the extent of a co-tenant's separate authority in dealing with the property be definitely ascertained. A right of entry upon the premises may be for an occupancy which it would clearly be within the power of one cotenant to permit. So the fourth and fifth pleas are held sufficient.

*Judgment reversed; demurrer sustained as to the second and third pleas, and said pleas adjudged insufficient; demurrer overruled as to the fourth and fifth pleas, and said pleas ad-judged sufficient; and cause remanded.*