EDWARD P. LEE *v.* CURTIS C. FOLLENSBY AND CHARLES E. PECK.

May Term, 1909.

PRESENT: ROWELL, C. J., MUNSON, WATSON, AND HASELTON, JJ.

Opinion filed November 12, 1909.

*Pleading — Counts — Joinder — Demurrer — Effect as Opening Record—Duplicity—Pleas Consisting of General Issue and Special Matter—Sufficiency—Tenancy in Common—Sole Deed of Co-Tenant—Validity.*

A demurrer to additional counts cannot raise the question of misjoinder, since such counts, when filed, become a part of the original declaration, and a demurrer does not raise the question of misjoinder unless it goes to the whole declaration.

The sole deed of a tenant in common of timber land, attempting to convey all the timber on a described portion of the property, is invalid as against the co-tenant.

Since such deed is void as against the co-tenant, a provision thereof attempting to grant a right of way to and from the timber, and a right to enter to cut and remove it, is likewise void.

A demurrer, in opening the record, opens only that branch which it terminates, and, therefore, a demurrer to a plea, which undertakes to answer only one of several counts in a declaration, cannot bring in question the sufficiency of the declaration as a whole.

A plea is not double, though relying on several distinct matters, where all its allegations are necessary to make a full defence to the pleading to which it is addressed.

There is no implied leave of court, after having pleaded the general issue to all the counts in a declaration in trespass, to replead it to a part of the trespasses mentioned in a designated count, in connection with special matter justifying the other trespasses therein alleged, but such a plea can be filled only in accordance with the rules of pleading unmodified by St. 4 Anne, c. 16.

TRESPASS QUARE CLAUSUM. Pleas, the general issue, without notice, and special pleas justifying under a deed and license from plaintiff's co-tenant. Heard on defendants' demurrer to plaintiff's five additional counts, and on plaintiff's demurrers to defendants' second, third, eighth, and ninth pleas, at the December Term, 1909, Caledonia County, *Hall*, J., presiding. Defendants' demurrer overruled, and plaintiff's demurrers severally sustained. Each party excepted. The opinion states the case. This case has been once before in Supreme Court, see 80 Vt. 182.

*Elisha May* and *George L. Hunt* for the plaintiff.

The court properly sustained plaintiff's demurrer to defendants' second and third amended pleas. The attempted conveyance of a described portion of the common property by the sole deed of a tenant in common thereof is void as to his cotenants, and could bind him only by estoppel. *Broughton* v. *Howe et al.*, 6 Vt. 266; *Smith* v. *Benson*, 9 Vt. 138; *Swift* v. *Dean et al.*, 11 Vt. 323; *Downer's Admrs.* v. *Smith*, 38 Vt. 464; *Benedict* v. *Torrent*, 83 Mich. 181, 21 Am. St. Rep. 589; *Mee* v. *Benedict*, 98 Mich. 260, 39 Am. St. Rep. 543; *Boston Franklinite Co.* v. *Condit*, 19 N. J. Eq. 394; *Hutchinson* v. *Chase*, 39 Me. 508, 63 Am. Dec. 645; *Broom et al.* v. *Pearson*, 85 S. W. 790; 30 Am. & Eng. Enc. 242; 17 Ibid. 684; *Palmer* v. *Palmer*, 150 N. Y. 139, 55 Am. St. Rep. 653; *Marks* v. *Sewall*, 120 Mass. 174; *Buker* v. *Brown*, 83 Me. 67. A grant was necessary to convey this stumpage; *Cady* v. *Sanford*, 53 Vt. 632; *Kingsley* v. *Holbrook*, 45 N. H. 313, 86 Am. Dec. 173; *Bolland* v. *O'Neal*, 81 Minn. 15, 83 Am. St. Rep. 362; *Ore Co.* v. *Lumber Co.*, 104 Ala. 465, 53 Am.

St. Rep. 73; *Hoit* v. *Stratton*, 54 N. H. 109, 20 Am. Rep. 119; *Slocum* v. *Seymour*, 36 N. J. 138, 13 Am. Rep. 432; and to convey a right thereto. 1 Wash. on Real Prop., §§835, 836; Wash. Eas. & Serv. (4th ed.) 6, 7, 44; *International Pottery Co.* v. *Richardson*, 63 N. J. L. 248, 43 Atl. 692. If there are tenants in common of land, neither of them can, by grant, create an easement there in favor of a stranger. Wash. Eas. & Serv. (4th ed.) 46; *Collins* v. *Prentice*, 15 Conn. 423; *Marshall* v. *Trumbull*, 28 Conn. 183; *Watkins* v. *Peck*, 13 N. H. 360-381; *Clark* v. *Parker*, 106 Mass. 557; *Bartlett* v. *Harlow*, 12 Mass. 348; *Varnum* v. *Abbott*, 12 Mass. 474; 18 Am. & Eng. Enc. (2nd ed.) 1136; *Hallett* v. *Parker*, 68 N. H. 598, 39 Atl. 433; *Baker* v. *Whitney*, 3 Sumner 45; 1 Wash. on Real Prop. (6th ed.) §880; *Murray et al.* v. *Haverty et al.*, 70 Ill. 318; *Tipping et al.* v. *Robbins*, 64 Wis. 546; *Granger* v. *Postal Tel. Co.* (S. C.) 50 S. E. 193; *Charleston & W. C. R. Co.* v. *Flemming*, 118 Ga. 699; *Wagner* v. *Silva*, 73 Pac. 433.

Assuming that defendants are tenants in common with plaintiff, still they are liable for trespass. *Booth* v. *Adams*, 11 Vt. 160; *McLellan* v. *Richardson*, 33 Vt. 190; Freeman on Cotenancy, §299; *Bennett* v. *Clemence et al.*, 6 Allen 18; *Silloway* v. *Brown*, 12 Allen 30; 17 Am. & Eng. Enc. (2nd ed.) 694, 698, 699; *Johnson* v. *Johnson*, Hill Ch. 29 Am. Dec. 72; *Holley* v. *Hawley*, 39 Vt. 525.

Defendants' demurrer to the five additional counts was properly overruled. When filed, they became a part of the original declaration; and defendant cannot raise the question of misjoinder of counts, except by demurrer to the whole declaration. 1 Chitty's Pl. 206; *Farnald* v. *Garner*, 55 Me. 414; *Smith* v. *Merriman*, 15 Wend. 184; 6 Enc. Pl. & Pr. 297, 330; *Nelson* v. *Swan*, 13 Johns. 483.

*Howe & Hovey* for the defendant.

The deed of a tenant in common of a parcel or of his share in a parcel of the common.land is effective in all cases to give the grantee the same right to the possession, use and enjoyment of the property which the grantor had, until partition is made, upon the ground that the exercise of that right cannot injure the co-tenants. Such a deed is valid against the co-tenants except in

so far as it may injuriously affect their right to a just division. The grantee takes a good title to all that is conveyed to him unless upon partition it is found necessary to take the whole or a part of it in order to give the co-tenants their equitable share of the property. The deed cannot be avoided except by proceedings for partition. *McElroy* v. *McLeay*, 71 Vt. 396; *Holbrook* v. *Bowman*, 62 N. H. 313; *Ballou* v. *Hale*, 47 N. H. 347; *Rising* v. *Tannard*, 17 Mass. 282; *Brown* v. *Bailey*, 42 Mass. 254; *Badger* v. *Holmes*, 6 Gray 118; *Stevens* v. *Norfolk*, 46 Conn. 227; *Goodwin* v. *Keeney*, 46 Conn. 563; Freeman on Co-tenancy and Partition, §253. If the deeds are not valid as grants, they convey such right or interest in the property as the co-tenant Albert had power to convey. This would include a license. *Ballou* v. *Hale*, 47 N. H. 347; *Baker* v. *Wheeler*, 8 Wend. 505, 24 Am. Dec. 66; *Booth* v. *Adams*, 11 Vt. 156; *Wake* v. *Richardson*, 33 Vt. 190; *Kanes, Admr.* v. *Harfield*, 60 Vt. 89.

HASELTON, J. This case was once before here on questions of pleading. 80 Vt. 182, 67 Atl. 197. After it was remanded the plaintiff filed five counts in addition to the two original counts of his declaration. To these additional counts the defendants demurred. The defendants filed an amended second plea to the first original count. The defendants also filed pleas eight and nine to the first and second counts respectively. To the defendants' second, third, eighth and ninth pleas the plaintiff demurred. The defendants' demurrer to the five additional counts was overruled. The plaintiff's demurrers to the pleas enumerated were severally sustained. The defendants excepted and the case is here again on questions of pleading.

The defendants claim that their demurrer to the five additional counts should have been sustained on the ground of misjoinder. But those counts when filed became an integral part of the original declaration, and a demurrer does not raise the question of misjoinder unless it goes to the whole declaration.

The defendants' second plea is by way of justification of the entry of the close mentioned in the first count, under a deed from one Albert Lee, a tenant in common with the plaintiff. Profert is made of the deed and the plaintiff having craved and had oyer of the deed sets it out in full in his demurrer to the plea. From this deed it appears that the co-tenant of the plaintiff undertook

to convey to the defendants "all the hard and soft wood saw timber" standing on the southeast corner of the farm in question, bounding said corner by a description. But this deed was inoperative as to the co-tenants, for Albert could not, by his sole deed, convey an interest in a part which he might choose to set out and describe. *McElroy* v. *McLeay,* 71 Vt. 396, 45 Atl. 898; *Smith* v. *Benson,* 9 Vt. 138, 31 Am. Dec. 614; *Broughton* v. *Howe,* 6 Vt. 266.

Such a deed is inoperative as to co-tenants, if for no other reason, because, if it were not, it would affect the rights of the co-tenants in respect to partition. By the deed set out the co-tenant sought to make a grant of something which could not be referred to his right. *McElroy* v. *McLeay,* 71 Vt. 396, 402; *Broughton* v. *Howe,* 6 Vt. 266, 268.

The deed from Albert also undertook to convey a right of way to and from said timber, a right to enter upon the land for the purpose of cutting, logging and removing the timber. But since the deed of the timber was inoperative as to the co-tenants, the grant of this merely incidental right of way was in like manner inoperative. The third plea was directed to the second count, but in other respects was the same as the second plea, and both were bad for the reasons pointed out in considering the second.

The defendants contend that the demurrers to the second and third pleas should have been overruled, whether such pleas be good or bad, on the ground that the plaintiff's declaration is bad for misjoinder of counts, and that a demurrer reaches back through the pleadings and fastens upon the first substantial defect.

Since the second and third pleas are held bad, this claim is for consideration; but the rule invoked only requires that the court should follow the pleadings back through their course, and since neither the second plea nor the third undertakes to answer the declaration as a whole, but since each such plea is directed to a specific count, the question of misjoinder of counts is not reached by going back through the record.

The principle is that a bad pleading is sufficient if that which it undertakes to answer is bad, and so if a plea undertakes to answer only a single count in a declaration, a demurrer to such plea cannot bring in question the sufficiency of the declaration as

a whole. If, for instance, a defendant filed a demurrer to one count of a declaration and a plea to another count, and such plea is demurred to by the plaintiff, neither the defendant's demurrer nor the plaintiff's raises the question of misjoinder of counts.

In *Hooker* v. *Smith*, 19 Vt. 151, 47 Am. Dec. 679, the declaration was in three counts. To the defendant's second and third counts the plaintiff filed a replication which was demurred to. In argument on the demurrer reference was made to a defect in the first count of the declaration, but the Supreme Court held that the sufficiency of that count was not brought in question by a demurrer to a plea which went to the second and third counts.

In *Black* v. *Howard*, 50 Vt. 27, the declaration was in several counts, and the plea, which went to the whole declaration, was demurred to. Since the plea went to the whole declaration the Court considered the question of misjoinder of counts, and as to a claimed defect in the third count, held, that, if it existed, it was not reached. Judge Barrett, who delivered the opinion, and the reporter, now the Chief Judge, carefully pointed out that the plea demurred to went simply to the declaration as a whole. In Gould's Pleading, Hamilton's Ed. 454, it is tersely said: "A demurrer, however, in opening a record, opens only that branch which it terminates."

The plaintiff in each count of his original declaration alleged trespasses on divers days and times between a certain date and the bringing of the suit. The defendants by their eighth plea set up the general issue as to a part of the alleged trespasses, and as to the rest plead license from the co-tenant Albert Lee. To this plea the plaintiff sets down as a special ground of demurrer that it is double. But the plea is not, in legal sense, double, since all the matter contained in it is necessary to make it a full answer to the count which it purports to answer. 2 Lilly's Practical Register, Ed. 1745, 374.

The defendants' ninth plea is constructed like the eighth and is specially demurred to on the same ground.

Although nothing is pointed out to make either of these pleas bad in itself, we find occasion, as will be disclosed, for commenting on questions not raised by the demurrers.

Before the Statute of 4 Anne, c. 16, the pleader in a case like this could make his client's full defence available in no other

way than by pleading as the defendant has done in his eighth plea and in his ninth. But such pleas ought not in reason to be joined with a plea of the general issue as these were; for the benefit of the statute is something which a defendant must either take or decline.

A defendant cannot be allowed to plead the general issue to all the trespasses alleged and then to plead it again to a part of the trespasses. Each of the pleas now under consideration begins in the familiar way thus: ''and for a further plea the defendants, by leave of the court here for this purpose first had and obtained, according to the statute in such case made and provided say.'' But there is no implied leave of court to file such a plea in connection with the general issue, and such a plea when filed must be filed without the aid of the Statute of Anne. Chitty recognizes the plea as a proper one, when leave of court to file a variety of pleas cannot be obtained, but, in the form which he gives, the plea is not designated as a further one, nor as pleaded by leave of court nor according to the statute, although he recognizes and lays down the rule that when several pleas are pleaded under the statute the second and each subsequent plea should state that it is ''by leave of court, &c.'' Chitty's Pl. 3rd London Ed. vol. 2, p. 520, vol. 1, p. 543.

If anything more is needed to make clear the understanding of Chitty it is found on page 514 of Vol. 1, where he says: ''At common law the defendant may plead to a part of the declaration one ground of defence and to another part a different ground of defence.''

In speaking of pleadings at common law Chitty always refers to the rules of pleading unmodified by the Statute of Anne and certain other statutes, and his whole work in elucidating and systematizing the science of pleading is inconsistent with the idea that one could plead as at common law and then further plead by virtue of the statute.

The Statute of Anne was in its effect quite like our statute providing for pleading the general issue and giving in connection therewith written notice of matter in defence. If a defendant, after filing the general issue with notice of his special matter in defence, should afterwards file special pleas setting up the same matters of defence with a view to getting the benefit of the statute himself and not giving it to the plaintiff, but with the

idea of requiring the latter to reply to his special pleas the proceeding would not be countenanced by the court, and the special pleas, as such, would be treated as nullities.   The statute authorizing the general issue with notice was intended to make it possible to dispense with the technicality and prolixity of special pleading.   Prentiss, J. in *Fullerton* v. *Mack,* 2 Aik. 416; Royce, J. in *Randall* v. *Preston,* 52 Vt. 198.

In treating pleas so improperly filed and anything done with reference thereto as nullities, the court would be moved to act from its own sense of duty in respect to the due administration of the law.

And so in respect to the Statute of Anne.   Before the enactment of that statute the pleader was often sorely perplexed to state his whole defence in a single plea, without violating any rule of pleading, and the plaintiff was sometimes equally perplexed in shaping his replication.   See the pleadings in the time of Charles II, found in Saunders Reports.   See also 1 Eunomus 142, 2d. 1774.

The 4th section of the Statute of Anne which we are considering, simplified the matter, and permitted the defendant, with leave of court, to plead his several matters of defence in separate pleas.   If the defendant took the benefit of this statute and set out his matters of defence in various pleas he had to accord to the plaintiff the benefit of the statute which the simplicity of the pleas to be replied to afforded, and the defendant could not, after pleading the general issue and special pleas under the statute, construct a plea like each of these under consideration, which was in one part the general issue, and in another part a justification with a verification and prayer for judgment, and require the plaintiff to file a replication to that.   He could have no express or implied leave of court to file such a plea after filing the general issue and other pleas.   He could plead as at common law without the benefit of the statute and obviate difficulties which without that confronted him, but if he emancipated himself he emancipated the plaintiff. Less than this fairness will in no wise permit, for the plaintiff in replying has not the latitude which the statute gives the defendant in pleading, since the plaintiff can make but one replication to the same plea so far as the plea sets up a single matter in defence, and may have to elect between several true and sufficient answers.   The pos-

sibility of this situation is clearly pointed out by Stephen, and the disadvantage at which the plaintiff sometimes is in this respect is commented on by that writer as a somewhat remarkable feature of the law. Stephen, Pl. 275, 276.

A plea like the pleas in question, and like the one given in Chitty as above noted, was used in *Parker* v. *Parker*, 17 Pick. 236, and was held good, as it doubtless was. There the pleader kept within his rights irrespective of the Statute of Anne; he did not plead the general issue nor any further plea, he did not claim to file the plea by leave of court, nor in accordance with the statute. Enough is said at the very close of the opinion in that case to indicate that the pleader would have found himself involved in trouble if he had filed the plea as a second or further plea invoking the Statute of Anne and leave of court.

The Statute of 4 Anne, c. 16, introduced what was in great measure a new system of pleading, and the pleader was not at liberty to combine the new and the old. He had to choose between this and that. The statute was enacted, to quote the first clause thereof, "for the amendment of the law in several particulars, and for the easier, speedier and better advancement of justice." The various provisions of its twenty-seven sections were beneficent. They were instrumental in rooting up many thrifty abuses which no panegyrist of things as they were has sought to defend. It was one of the instruments by which through a slow, languid and halting process it has become measurably possible for every person "to find a certain remedy by having recourse to the law for all injuries or wrongs which he may receive in person, property or character." It contributed to bring the vindication of legal rights within the horizon of all. That it should be wrested from its purpose, and made to double the difficulties of suitors in getting their causes to trial was never tolerated.

The defendants' eighth and ninth pleas stand as they would if they had been filed after the defendant had pleaded the general issue with notice setting up the matters of defence contained in them. These pleas and everything done under them go for nothing.

The Court, in the exercise of a power which is inherent and in the discharge of a duty which is plain, strikes from the record the defendants' eighth and ninth pleas and whatever relates

thereto. This action is not to be construed as preventing the defendants from perfecting their pleadings below conformably to the method of pleading upon which they set out.

*The judgment overruling the defendants' demurrer to the plaintiff's five additional counts, is affirmed. The judgment sustaining the plaintiff's demurrers to the second and third pleas and adjudging those pleas insufficient, is affirmed. The cause is remanded. Let neither party take costs in this Court.*